## Case No. 10,645.

### The PACIFIC.

[Deady, 192.] [1]

District Court, D. Oregon. Nov. 17, 1866.

DISTRICT ATTORNEY—COMPENSATION — PER CENTUM ON SUMS "COLLECTED" AND "REALIZED."

1. The act of March 3, 1863, § 11 (12 Stat. 741), does not give district attorneys a per centum on the amount of a judgment or decree obtained by them in favor of the United States, but only upon the sum actually collected or realized thereon.

2. The words "collected" and "realized," as used in said section, are substantially synonymous; and money is not "realized" by the Unit-

[1] [Reported by Hon. Matthew P. Deady, District Judge, and here reprinted by permission.]

ed States within the meaning of the same, until it has received the same or the benefit of it.

3. Amount allowed district attorney for attending an examination to procure remission of a forfeiture under section 50 of the collection act of March 2, 1799 (1 Stat. 665).

[Followed in The Orizaba, Case No. 10,576.]

In admiralty.

Joseph N. Dolph, for libellant.
William M. Strong, for claimant.

DEADY, District Judge. The steamship Pacific was seized and libelled in this court for a violation of section 50 of the collection act of March 2, 1799 (1 Stat. 665). The claimant, the California Steam Navigation Co., appeared and obtained the delivery of the vessel upon giving bond for its appraised value, $225,000. Upon the return day, March 15, 1865, the claimant having failed to answer the libel, this court pronounced in favor of the forfeiture of the vessel, and gave a decree against the sureties in the claimant's bond for the appraised value thereof; and because it appeared that the claimant had instituted proceedings to procure the remission of the forfeiture, it was then ordered that the enforcement of such a decree be stayed until the further order of the court. Now at this day, counsel for claimant moves to discharge such decree against the sureties, and in support thereof, produces and reads to the court a warrant of remission from the secretary of the treasury, upon the conditions, among others, that the claimant pay all costs of court in all proceedings touching said forfeiture, and such a per diem fee to the United States district attorney for his actual attendance at the summary examination as this court may direct.

The question is made on the argument, what is included in the phrase, "all the costs of the court?" The district attorney maintains that the case falls within the provision of section 11 of the act of March 3, 1863 (12 Stat. 741), which provides: "That there shall be taxed and paid to district attorneys two per centum upon all moneys collected or realized in any suit or proceeding arising under the revenue laws, conducted by them, in which the United States is a party;" and that such per centum shall be in lieu of all fees and costs allowed by the act regulating fees of February 26, 1853 (10 Stat. 161). Under the latter act the compensation of the district attorney would be a docket fee of $40, while under the former it would amount to $4,500. The difference is a material one to both the attorney and the claimant.

The argument of the district attorney assumes that the sum for which the decree was given was realized by the United States, because it was adjudged that they should recover it, and that it might have been actually collected at any time since, but for the order of this court, made in the interest and at the instance of the claimant, staying the execution of the decree. It is also maintained that

the attorney had earned this per centum when he had obtained the decree. and that the granting of the supersedeas during the time taken by claimant to procure a remission of the forfeiture ought not to be allowed to work to his prejudice.

However just the claim of the district attorney, I cannot assent to his construction of the act of March 3, 1863. This two per centum is only to be paid on "moneys collected or realized." Now, it is not pretended that this sum was ever "collected." But the terms "collected" and "realized" are used here as substantially synonymous. That which is realized by the United States is collected by it, and contrariwise. That which is realized is made certain, but it cannot be said that this money was certainly possessed or obtained by the United States before it was collected and while it rested in decree. The object of the act is manifest. By offering this per centum to district attorneys, it is intended to stimulate them to make the money on judgments and decrees in favor of the United States. Prior thereto such attorneys were only paid for bringing an action or suit for the United States and pursuing it to judgment or decree. No specific compensation was allowed for attending to the matter of enforcing such judgment or decree, and the result often was, what might reasonably have been predicted, the United States was "beaten on the execution." This per centum is to be paid upon the moneys realized by the United States through the professional exertion and services of its attorney. But if for any reason no money is realized, then there is no fund upon which to compute it. It is in the nature of a fee contingent upon the collection of the money, and if the contingency does not happen, the right to the per centum never attaches, and the attorney's compensation is limited to the docket fee allowed by the act of 1853 for prosecuting the proceeding to judgment or decree. In my judgment the district attorney is not entitled to tax this per centum against the United States in lieu of costs. If this conclusion be correct, it follows that the payment of such per centum cannot be exacted from the claimant under this warrant as a condition of the remission, because the phrase therein, "all costs of court," only includes such costs as the United States are liable for. The costs made by the claimant are paid by it in any event. True, it was in the power of the secretary, to impose upon the claimant more favorable terms for the district attorney, but he has not seen proper to do so, and this court has no power to revise his action in this respect.

I next consider the fee to be allowed the district attorney for his services in connection with the proceedings to obtain a remission of the forfeiture. The extent and nature of these services. are within my personal knowledge. The cause was an important one to the government and the claimant. The amount involved was large, and the labor and responsibility devolved upon the district attorney, by reason of the power and influence of the claimant, was arduous and extraordinary. The claimant has had the influence to procure a remission of a forfeiture produced by a willful, if not a corrupt violation of law by its agents. the master and mate of the Pacific, upon the single ground that it. a corporation without body or soul, was not expressly consenting to such violation, and without other terms than the payment of this fee to the attorney,—such a per diem fee as the court may direct. Counsel for the claimant suggest that the per diem of district attorneys is fixed by the act of 1853, and that if this court is not bound by that act in this instance, it ought to take it as a guide in fixing the amount to be allowed. But the warrant remits the amount of the per diem to the judgment of this court. Now the per diem allowed by the act of 1853, is in addition to the fees earned by the attorney, during the progress of the same, while in this case the per diem to be allowed by the court is the whole compensation of the district attorney for the labor performed in the proceeding to obtain a remission. For prosecuting the suit for forfeiture to a decree, he is allowed the paltry fee of $40 in currency, and that is all the compensation he obtains in this whole matter, aside from that which the court is about to allow him. Of course the court ought not to exercise this power, so as in effect to forfeit the vessel, or any very considerable portion of its value to the district attorney, and thereby nullify the action of the secretary in making the remission. But at the same time, all the circumstances of the case considered, I prefer within reasonable limits, to err in favor of the district attorney, rather than the claimant, and therefore, fix his per diem allowance at the sum of $200.

Order, that the claimant pay the costs of court, and pay the district attorney the sum of $200, within ten days from the entry hereof, and that thereupon, and upon the filing of the warrant of remission from the secretary of the treasury herein, the decree against the claimant, and his sureties. for the appraised value of said vessel be discharged. and held for naught; and that, in default thereof, execution issue to enforce such decree, notwithstanding such warrant or remission.

---

PACIFIC, The. See Case No. 12,644.

PACIFIC, The (BLUKEMAN v.). See Case No. 1,571.

PACIFIC, The (RIDER v.). See Case No. 11,812.

PACIFIC, The (RUMBALL v.). See Case No. 10,643.

PACIFIC, The (SELLER v.). See Case No. 12,644.